UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MAXWELL SMITH AND** | * | |
| **LENORA DAY, INDIVIDUALLY AND** | * | **CIVIL ACTION NO.** _____ |
| **ON BEHALF OF THEIR MINOR** | * | |
| **CHILD, TDS, AND MATTISUN** | * | |
| **MINER** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** _____ |
| | * | |
| **URBAN OIL & GAS GROUP, LLC,** | * | |
| **URBAN FUND IV, LP, URBAN FUND,** | * | |
| **IV GP, LLC, URBAN FUND D-1, LP,** | * | |
| **URBAN FUND I, LP, URBAN FUND I** | * | **MAG. JUDGE:** _____ |
| **GP, LLC, URBAN OIL AND GAS** | * | |
| **PARTNERS A-1, LP, AND** | * | |
| **XYZ INSURER** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, MAXWELL SMITH ("Mr. Smith") and LENORA DAY ("Ms. Day"), both persons of the full age of majority, domiciled in the Parish of Beauregard, Louisiana, and appearing both individually and on behalf of their minor child, TDS; and Mattisun Miner ("Ms. Miner"), also a person of the full age of majority and domiciled in the Parish of Beauregard, Louisiana (together, "Plaintiffs").

Plaintiffs hereby file the following Complaint for their claims resulting from the death of Zalee Day-Smith, for which Defendants should be held liable.

1.

**Made Defendants are:**

A) **URBAN OIL & GAS GROUP, LLC**, a limited liability company, whose members, upon information and belief, are all citizens of Texas, and which caused Plaintiffs' damages;

1

B) **URBAN OIL AND GAS PARTNERS A, LP**; a limited partnership, whose members, upon information and belief, are all citizens of Texas, and which also caused Plaintiffs' damages;

C) **URBAN FUND I, LP**; a limited partnership, whose members, upon information and belief, are all citizens of Texas, and which also caused Plaintiffs' damages;

D) **URBAN FUND I GP, LLC**, a limited liability company, whose members, upon information and belief, are all citizens of Texas, and which also caused Plaintiffs' damages;

E) **URBAN OIL AND GAS PARTNERS A-1, LP**, a limited partnership, whose members, upon information and belief, are all citizens of Texas, and which also caused Plaintiffs' damages;

F) **URBAN FUND D-1, LP**; a limited partnership, whose members, upon information and belief, are all citizens of Texas, and which also caused Plaintiffs' damages;

G) **URBAN FUND IV, LP**; a limited partnership, whose partners, upon information and belief, are all citizens of Texas, and which also caused Plaintiffs' damages;

H) **URBAN FUND IV GP, LLC**, a limited liability company, whose members, upon information and belief, are all citizens of Texas, and which also caused Plaintiffs' damages; and

I) **XYZ INSURER**, a foreign insurance company, which, upon information and belief, provided insurance coverage that applies to Plaintiffs' damages in this matter.

## JURISDICTION AND VENUE

2.

Diversity jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds Seventy-Five Thousand Dollars, and this matter is between citizens of different states, as none of Defendants' members or partners are citizens of Louisiana.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this matter occurred in this judicial district.

## ZALEE DAY-SMITH'S DEATH

4.

On the afternoon of February 28, 2021, fourteen-year-old Zalee Day-Smith ("Decedent") was on top of an oil tank (the "Tank"), when the tank suddenly exploded, launching Decedent's body into the air. The explosion was so powerful that her lifeless body was found hundreds of yards away from the Tank site.

5.

Upon information and belief, Decedent died when her body hit the ground after falling from the sky.

## THE TANK BATTERY AT BEAR OIL FIELD

6.

The Tank was located at or near an oil field, Bear Oil Field, ID 1312 ("Bear Field"), in Longville, Beauregard Parish, Louisiana. The Tank that exploded was part of a battery of tanks at Bear Field (the "Battery"). The Battery also included one other oil tank as well as a water tank. Upon information and belief, the Battery is connected to certain wells nearby.

7.

Defendant Urban Oil & Gas Group, LLC is the listed operator of Bear Field, according to the Louisiana Department of Natural Resources ("LDNR"). Defendant Urban Oil & Gas Group, LLC has been the listed operator at Bear Field since July 2012.

8.

Upon information and belief, on February 8, 2021, the Battery and its associated wells were transferred from Defendants Urban Fund I, LP; Urban Oil and Gas Partners A, LP; and Urban Oil and Gas Partners A-1, LP; to Defendants Urban Fund IV, LP; and Urban Fund D-1, LP.

9.

Upon information and belief, Defendants in this matter have the following relationships: Defendant Urban Fund I GP, LLC is the sole partner of Urban Fund I, LP. Urban Fund I, LP is the sole partner of Defendant Urban Oil and Gas Partners A, LP. Urban Fund IV GP, LLC is the sole partner of Urban Fund IV, LP. And Urban Fund IV, LP is the sole partner of Urban Fund D-1, LP.

10.

Accordingly, upon information and belief all Defendants had some degree of control over the Battery within weeks of the February 28, 2021 incident. As Defendant Urban Oil & Gas Group, LLC was the listed operator of Bear Field at the time of the incident, it had a duty to act in a manner which would prevent the exact type of harm and eventual death Zalee Day suffered. As Defendants Urban Fund I, LP, Urban Oil and Gas Partners A, LP and Urban Oil and Gas Partners A-1, LP were the record owners of the Battery weeks prior to Zalee Day-Smith's death, their acts or omissions were a likely cause of the harm and eventual death suffered by Zalee Day. As Defendants Urban Fund IV, LP and Urban Fund D-1, LP were the record owners of the battery at the time of Decedent's death, their acts or omissions were a likely cause of the harm suffered by

Zalee Day-Smith. Defendants Urban Fund IV GP, LLC and Urban Fund I GP, LLC are responsible to the extent each respective LP is responsible, as each of these Defendants is the sole partner of its respective LP.

## DEFENDANTS WERE GROSSLY NEGLIGENT IN CAUSING THE TANK TO EXPLODE ON FEBRUARY 28, 2021

11.

Upon information and belief, on February 28, 2021, there was a dangerous amount of flammable gas and liquid in the Tank. Upon further information and belief, however, Defendants had failed to take proper precautions to monitor the Tank and its levels of flammable contents prior to the Tank exploding.

12.

Upon further information and belief, the Tank featured a component part—a hatch or valve—that Defendants failed to maintain, service, or examine per industry standards. Upon information and belief, the failure to properly maintain, service, or examine this hatch or valve also contributed to the dangerous condition of the Tank at the time it exploded.

13.

As a result of Defendants' gross negligence in neither monitoring the levels of dangerous materials in the Tank, nor properly maintaining the Tank's hatch or valve, the contents of the Tank were ignited by an unknown cause, triggering the explosion that caused the death of Zalee Day-Smith.

14.

For these reasons, Plaintiffs submit that Defendants' acts and omissions that caused the Tank to explode rose to the level of gross negligence.

## DEFENDANTS WERE GROSSLY NEGLIGENT IN FAILING TO MAINTAIN ANY FENCING, GATES, OR WARNINGS THAT WOULD HAVE KEPT THE PUBLIC SAFE

15.

Upon information and belief, at the time of the explosion, Defendants failed to secure the Battery with any fencing, gates, or warning signs. There was neither fencing nor gates around either the Battery or the Tank itself, which would have prevented the public—and particularly minor children—from accessing the Tank. The fact that the Battery was entirely unfenced was especially improper given that the property on which the Battery was located was adjacent to residences and even across the street from a church, a place of gathering.

16.

On the day of the explosion, Decedent Zalee Day-Smith was at her mother Lenora Day's home, which stood less than 500 feet from the Battery. Decedent and Plaintiffs believed that it was safe for Decedent to be around the Battery and Tank because of the lack of Defendants' activity at the Battery, the lack of fencing or gates, and the lack of warning signs. The absence of security measures or signage led Decedent and Plaintiffs to believe that the Battery was inactive and abandoned, whereas it was actually active and dangerous.

17.

Upon information and belief, the industry custom for oil and gas storage calls for operators and owners of facilities such as the Battery to install and maintain fencing or gates around oil or water tanks and around such property grounds.

18.

Upon information and belief, even sites that are much more remote than the Battery and are miles away from residential or commercial properties should have fencing around them under industry standards. This Battery, however, was not protected by remoteness—it was less than five

hundred feet from residences—and yet nonetheless it did not have any sort of fencing or gates whatsoever.

19.

Upon information and belief, it is also industry custom for operators and owners of oil storage facilities, such as the Battery, to post warning signs on and near a battery of tanks. However, on neither the Tank, nor the Battery, nor its surrounding property, Defendants had failed to erect or maintain warning signs that would alert the public to the danger of accessing or getting close to the Battery or the Tank.

20.

Defendants' failures to secure the Battery with fencing or gates, and Defendants' failures to adequately warn the public about the hazards of the Battery, constituted gross negligence. Defendants owed to Decedent the duty of exercising reasonable care for her safety, but Defendants breached their duties and were grossly negligent for, at least:

a) failing to maintain gates and fencing around their property containing the Battery;

b) failing to maintain gates and fencing around the Battery;

c) failing to maintain gates and fencing around the Tank;

d) failing to maintain any gate or barrier on the stairwell of the Tank, in order to prevent the public from accessing the top of the Tank;

e) failing to maintain, service, or examine, per industry standards, the Tank's hatch or valve;

f) failing to maintain adequate signage or other warnings on or around Defendants' property containing the battery, the battery itself, the Tank, the Tank's stairs, or the Tank's hatches and valves;

g) failing to warn against an unreasonably dangerous condition;

h) failing to properly empty the Battery and the Tank of residual hydrocarbon contents;

i) failing to properly inspect the Battery to determine its dangerous nature and take precautions necessary to prevent injuries to unsuspecting third parties, such as Decedent;

j) failing to limit or restrict access to the Battery despite the fact that Defendants knew or should have known that, particularly because it was so close to residential and commercial properties, but was entirely unsecured, the Battery was an attraction for local citizens, particularly minors;

k) failing to comply with applicable and relevant Louisiana and Federal Law, including but not limited to L.A. Admin Code tit. 43, Pt XIX, § 137; L.A. Admin Code tit. 43, Pt XIX, § 115; L.A. Admin Code tit. 55, Pt V, Ch. 21, Section V, § 2103; and 29 C.F.R. § 1910.119;

l) failing to adhere to industry custom and to the prudent practices of the oil, gas, and chemical industry, including but not limited to; The American Petroleum Institute (API) and the National Fire Protection Association (NFPA);

m) any other acts of negligence that may become apparent during discovery in this matter.

**DEFENDANTS ARE LIABLE FOR PLAINTIFFS' DAMAGES BECAUSE THE DEFENDANTS' PREMISES CONSTITUTED AN ATTRACTIVE NUISANCE**

21.

Because the Battery was within hundreds of feet of residences and commercial property, Defendants should have anticipated the presence of minors at or around the Battery.

22.

However, because Defendants had not placed or maintained warning signs, gates, or fencing at or around the Battery, Defendants could not expect a minor to understand the danger that the Battery posed as a complex industrial structure containing dangerous gas and chemicals.

23.

Defendants therefore created an attractive nuisance in the Battery and Tank, however Defendants failed to take reasonably prudent precautions to protect the public, such as erecting and maintaining warning signs, fencing, or gates.

## DEFENDANTS ARE ABSOLUTELY LIABLE FOR PLAINTIFFS' DAMAGES BECAUSE DEFENDANTS ENGAGED IN AN ULTRAHAZARDOUS ACTIVITY

24.

Defendants were engaged in an ultrahazardous activity—the storage of toxic gas—at the Battery and the Tank. Louisiana jurisprudence has recognized the storage of toxic gas as an ultrahazardous activity.

25.

When a defendant is engaged in an ultrahazardous activity, even if the defendant acts with reasonable care, due to the nature of an ultrahazardous activity, the defendant is liable for any damage caused to another under the theory of absolute liability.

26.

Because Defendants were engaged in the storage of toxic gas, they are therefore absolutely liable to Plaintiffs for Zalee Day-Smith's suffering and death that resulted from Defendants' storage of toxic gas, regardless of any care that Defendants may have taken.

## PLAINTIFFS' RELATIONS TO ZALEE DAY-SMITH

27.

Plaintiff Maxwell Smith was Zalee Day-Smith's natural father.

28.

Plaintiff Lenora Day was Zalee Day-Smith's natural mother.

29.

Plaintiff Mattisun Miner was Zalee Day-Smith's natural sister.

30.

The minor child TDS was Zalee Day-Smith's twin brother.

31.

At the time of her death, Zalee Day-Smith was fourteen years old and had no spouse or children.

**PLAINTIFFS' DAMAGES**

32.

Due to Defendants' gross negligence, Decedent Zalee Day-Smith died as a result of the Tank explosion on February 28, 2021. Upon information and belief, before she perished, Decedent suffered from extreme pain, mental anguish, and fear.

33.

Because Decedent had no spouse or children, her parents, Plaintiffs Maxwell Smith & Lenora Day, are the proper parties to bring survival claims on Decedent's behalf, under Louisiana Civil Code article 2315.1.

34.

Additionally, Plaintiff Maxwell Smith suffered damages in his own right. Mr. Smith has suffered, currently suffers, and will suffer in the future from loss of love, affection, companionship, services, support, and funeral expenses. He also has suffered, currently suffers, and will suffer in the future from severe and debilitating mental anguish, pain and suffering, and loss of enjoyment of life resulting from the tragic loss of his minor daughter.

35.

Plaintiff Lenora Day has also suffered damages in her own right. Ms. Day has suffered, currently suffers, and will suffer in the future from loss of love, affection, companionship, services, support, and funeral expenses. She also has suffered, currently suffers, and will suffer in the future

from severe and debilitating mental anguish, pain and suffering, and loss of enjoyment of life resulting from the tragic loss of her minor daughter.

36.

Because Decedent had no spouse or children, pursuant to Louisiana Civil Code article 2315.2, Plaintiffs Maxwell Smith and Lenora Day are entitled to the damages that they have sustained and will sustain in their own rights as a result of their daughter Zalee Day-Smith's death.

37.

At the time that the Tank exploded, causing Decedent's death, Plaintiff Mattisun Miner and her brother, the minor child TDS, were in the vicinity of Ms. Day's house, a short distance from the Battery, where they could see and hear the explosion which caused Zalee's death.

38.

After hearing the Tank explode, both Ms. Miner and TDS ran outside and could see the aftermath of the explosion. Both Ms. Miner and TDS had been aware that Decedent was at the Battery when the explosion occurred.

39.

Upon seeing the aftermath of the explosion, Ms. Miner and TDS both immediately realized that their sister, Decedent, must have been gravely injured, if not killed, as a result of the explosion.

40.

As contemplated in Louisiana Civil Code article 2315.6(B), any person would reasonably expect that Ms. Miner and TDS would suffer serious mental anguish and emotional distress from the loss of their sister, especially given Decedent's young age and the violent, horrific manner in which she died.

41.

Furthermore, since their sister's death, Ms. Miner and TDS have suffered the severe and debilitating mental distress that is foreseeable from an event of this appalling nature.

42.

Ms. Miner and TDS therefore have claims in their own right for their mental anguish and emotional distress resulting from viewing the explosion that killed Decedent or coming upon the scene of the explosion immediately thereafter, pursuant to Louisiana Civil Code article 2315.6.

43.

As the natural parents of the minor child TDS, Mr. Smith & Ms. Day are the proper parties to bring TDS's claims for mental anguish and emotional distress on his behalf.

## INSURANCE

44.

At all times relevant herein, defendant, XYZ INSURANCE COMPANY ("XYZ Insurer") had in force and effect liability insurance policies providing liability coverage to Defendants, and which provided coverage for Plaintiffs' damages. XYZ Insurer is therefore liable jointly, severally, and *in solido* for the damages that Plaintiffs have suffered and will suffer.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that a copy of this Complaint be served on the Defendants, that they be cited to appear and answer same, and that, in due course, there be Judgment rendered against them in favor of Plaintiffs, in an amount to be determined by the trier of fact which will fully compensate Plaintiffs for all damages suffered by them, including but not limited to, legal interest from date of judicial demand and all costs of these proceedings.

Respectfully Submitted,
**EGENBERG, APLC**
/s/ Bradley Egenberg
BRADLEY EGENBERG (#29848)
BEN BERMAN (#36798)
AARON J. HURD (#34601)
650 Poydras Street, Suite 2000
New Orleans, LA 70130
Telephone: (504) 229-5700
Facsimile: (504) 617-7911
Email: jboud@egenberg.com
*Attorneys for Maxwell Smith*


/s/ David L. Wallace
DAVID L. WALLACE (#13196)
518 North Pine Street
DeRidder, LA 70634
Telephone: (337) 462-0473
*Attorney for Lenora Day and Mattisun Miner*