UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MAXWELL SMITH ET AL** : **CASE NO. 2:21-CV-04402 LEAD**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**URBAN OIL & GAS GROUP L L C ET AL** : **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court are two related motions, both of which are opposed. For the reasons that follow, it is **RECOMMENDED** that Plaintiff Maxwell Smith's *Motion for Leave to File First Amended Complaint for Damages* [doc. 50] be **GRANTED** and that *Defendants' Motion to Strike Plaintiffs' Jury Demands* [doc. 56] be **DENIED**. The court notes that the proposed First Amended Complaint was filed by "Maxwell Smith individually and on behalf of this minor child, TDS," [doc. 50, att. 2] but that the claims of TDS have since been dismissed via voluntary motion to dismiss filed by "Lenora Day, individually and on behalf of her minor child T.D.S." Docs. 62, 63. Accordingly, it is **FURTHER RECOMMENDED** that movant Maxwell Smith be ordered to file a corrected amended pleading that clarifies the capacity in which he now proceeds via the amended complaint. Because the amendment adds an additional named defendant, this matter will be set for Scheduling Conference by separate order to determine if a new trial date should be selected.

**I.**
**BACKGROUND**

The original complaint alleges that on February 28, 2021, fourteen-year-old Zalee Day-Smith was on top of an oil tank when it exploded, resulting in her death. Doc. 1, p. 3. Following

the dismissal of all other plaintiffs at the end of 2023 [docs. 49, 63], including plaintiffs in the consolidated matter *Ziegler et al v. Urban Oil & Gas Group L L C et al* (2:22-cv-00567-JDC-KK), the sole remaining plaintiff is Maxwell Smith, Zalee Day-Smith's natural father, who now moves to amend the complaint.

The incident that gave rise to this lawsuit took place at an oil tank battery at Bear Oil Field in Longville, Louisiana, near Zalee's home. Doc. 1, pp. 3, 6. The complaint names as defendants Urban Oil & Gas Group, LLC; Urban Fund IV, LP; Urban Fund IV GP, LLC; Urban Fund D-1, LP; Urban Fund I, LP; Urban Fund I GP, LLC; Urban Oil and Gas Partners A-1, LP; and Urban Oil and Gas Partners A, LP (collectively, the "Urban Oil Defendants "). The complaint alleges that the Urban Oil Defendants had some degree of control over the tank battery in the weeks leading up to the incident. The complaint also names as a defendant "XYZ INSURER, a foreign insurance company, which, upon information and belief, provided insurance coverage that applies to Plaintiffs' damages in this matter." Doc. 1, p. 2.

The original complaint asserts wrongful death, survival, and bystander causes of action and alleges that the Urban Oil Defendants were grossly negligent in (1) causing the tank to explode on February 28, 2021, and/or (2) failing to maintain any fencing, gates, or warnings that would have kept the public safe. The complaint also alleges that defendants are (1) liable for Plaintiffs' damages because the defendants' premises constituted an attractive nuisance, and/or (2) defendants are absolutely liable for Plaintiffs' damages because Defendants engaged in an ultrahazardous activity. Doc. 1, pp. 5-9, ¶¶ 11-26.

The proposed amended complaint adds as a new defendant Markel International Insurance Co., Ltd., in place of "XYZ INSURER," adds an allegation that defendants' gross negligence entitles plaintiff to punitive damages under La. Civ. Code art. 3546 and Tex. Civ.

Prac. & Rem. Code § 41.003, adds a request for jury trial, and expands the prayer to name all the defendants and allege joint, several, and *in solido* liability. Doc. 50, att. 2, pp. 1-2.

The Urban Oil Defendants oppose the motion to amend, primarily on the basis that defendant has waived the right to a jury demand, for reasons discussed in the next section. Doc. 55. The Urban Oil Defendants also note that plaintiff gives no reason for the 23-month delay between the initial complaint and this amendment, and they direct the Court to jurisprudence in which shorter delays were considered unacceptable. Accordingly, the Urban Oil Defendants move to strike plaintiff's jury demand on the basis of waiver and untimeliness. Doc. 56.

## II.
### LAW AND APPLICATION

**A.      Plaintiff's Motion to Amend**

On a motion to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "Leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision whether to grant leave is squarely in the discretion of the court, but the court "must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). In deciding a motion to amend, the court should consider

> whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action.

*Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).

Here, defendants note that they "have engaged in a discovery and litigation strategy directed at a bench trial and converting the trial to a jury trial would prejudice Defendants." Doc. 55, p. 9. They emphasize that the plaintiff's 23-month delay in making the jury demand is

3

unexplained. *Id.* There is no suggestion, however, that plaintiff acts in bad faith or with a dilatory motive. Plaintiff notes that the amendment and jury demand came after a trial continuance; it did not precipitate a continuance. Doc. 59, p. 3. There is no allegation that the amendment is futile or that plaintiff failed to cure deficiencies by prior pleadings. But for the issue of the jury demand—which the Urban Oil Defendants argue is untimely and waived—Rule 15 appears to require that the court grant leave to amend.

B. **Defendants' Motion to Strike Jury Demand**

Rule 38(b) entitles a party to a jury trial on any issue triable by a jury if a demand is made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Under Rule 38(d), a party's failure to timely request a trial by jury constitutes a waiver of that party's right to a trial by jury. Fed. R. Civ. P. 38(d); *Breaux v. Mastermind Shipmanagement Ltd.*, No. 15-1387, 2016 WL 4761559, at *2 (E.D. La. Sep. 13, 2016).

Here, plaintiff made a jury demand in an amended complaint that added a new party— insurer Markel International Ins. Co., Ltd.—and added an allegation of gross negligence entitling plaintiff to punitive damages under La. Civ. Code art. 3546 and Tex. Civ. Prac. & Rem. Code § 41.003. "'A complaint raises an issue only once within Rule 38(b)'s meaning—when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial.'" *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir. 1984)(quoting *Guajardo v. Estelle*, 580 F.2d 748, 752-53 (5th Cir. 1978)(internal quotation marks omitted)). Any "new" issue "must relate to new issues of fact and not to new theories of recovery." *Id.* The original complaint already contained allegations of gross negligence [doc. 1, pp. 5-7], so plaintiff's theory of recovery for punitive damages is not a "new" issue within the meaning of Rule 38(b). The addition of an actual insurer in place of the fictitious insurer named

4

in the original complaint does, however, have the potential to raise a new issue of mixed fact and law—*i.e.*, whether any policy of insurance issued by that entity provides coverage for the damages alleged in the complaint. Insurance coverage disputes can involve mixed questions of law and fact. *See, e.g.*, *Doerr v. Mobil Oil Corp.*, 2000-0947 (La. 12/19/00), 774 So. 2d 119, 135 n. 17, *opinion corrected on reh'g*, 2000-0947 (La. 3/16/01), 782 So. 2d 573. Defendants make the conclusory argument that "[t]he addition of the insurer as a party is not sufficient because an unnamed insurer was listed by Plaintiffs as a defendant in the original complaint." Doc. 56, p. 2. The court finds this argument unconvincing because the assessment of coverage cannot begin until the insurer is identified and the policy's terms are disclosed. In short, the amended complaint does at least have the potential to raise new issues of fact.

Even if plaintiff's jury demand is untimely because the amendment does not raise a new issue within the meaning of Rule 38, the court must consider whether it may permit the untimely jury trial demand pursuant to Rule 39(b), which "grants a district court discretion to order a jury trial despite a party's failure to comply with the fourteen-day requirement in Rule 38." *Breaux*, 2016 WL 4761559, at *2 (citing *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990)). "In this circuit, a district court generally should grant a Rule 39(b) motion to permit a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Fredieu v. Rowan Cos., Inc.*, 738 F.2d 651, 654 (5th Cir. 1984)(quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964)). In other words, "[a] motion for trial by jury under this rule 'should be favorably received unless there are persuasive reasons to deny it.'" *Daniel Int'l Corp.*, 916 F.2d at 1064 (quoting *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. 1981)).

The Fifth Circuit in *Daniel International Corp.* articulated five factors that a district court should consider when determining whether to exercise its Rule 39(b) discretion:

5

> (1) whether the case involves issues which are best tried to a jury;
>
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
> (3) the degree of prejudice to the adverse party;
>
> (4) the length of the delay in having requested a jury trial; and
>
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel International Corp.*, 916 F.2d at 1064. On the whole, these factors weigh in favor of exercising the court's discretion to allow the jury trial.

First, this matter involves issues best tried to a jury because juries regularly act as triers of fact in negligence claims, and allegations such as attractive nuisance, inadequate fencing, and failure to warn seem particularly appropriate to trial by jury. *See, e.g.*, *Dean Foods Co. v. Cont'l Cas. Co.*, No. 3:04-CV-1703-K, 2005 WL 8158378, at *1 (N.D. Tex. Mar. 31, 2005) ("Whether Defendant breached a duty owed to Plaintiff is certainly an issue best tried to a jury."); *Sartin v. Cliff's Drilling Co.*, No. CIV.A.03-1825, 2004 WL 551209, at *1 (E.D. La. Mar. 18, 2004) (noting that a jury is well-suited to resolving a "fact-intensive dispute based on well-settled legal principles"). Second, granting the motion will not result in a disruption of the court's schedule because the trial was already continued and referred for scheduling conference [docs. 45, 47] before plaintiff filed the motion to amend. Third, the Urban Oil Defendants will not be unduly prejudiced by converting the matter to a jury trial because the already-continued trial date means that they "will have ample time to prepare appropriately for a jury trial." *Mason v. Faul*, No. 6:12-CV-2939, 2017 WL 1260284, at *3 (W.D. La. Mar. 31, 2017). Fourth, the plaintiff waited 23 months to make his jury demand, which is cause for concern and weighs against use of the court's discretion to grant a jury trial here. Likewise, the fifth factor, which concerns the reason for plaintiff's tardiness—has been only thinly briefed and does not weigh in favor of reviving the right to a jury trial.

Because the first three factors weigh in plaintiff's favor, and because the jury demand was made in the context of an amended complaint that named a non-ficticious insurer for the first time—potentially raising new issues of fact concerning insurance coverage—the court concludes that the Urban Oil Defendants have not set forth "strong and compelling reasons" to deny the jury demand here. Additionally, the court does not perceive a "substantial reason" to deny leave to amend. *Marucci*, 751 F.3d at 378.

### III.
#### CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Maxwell Smith's *Motion for Leave to File First Amended Complaint for Damages* [doc. 50] be **GRANTED** and that *Defendants' Motion to Strike Plaintiffs' Jury Demands* [doc. 56] be **DENIED**. Because the propose First Amended Complaint was filed by "Maxwell Smith individually and on behalf of this minor child, TDS," [doc. 50, att. 2] but the claims of TDS have since been dismissed via voluntary motion to dismiss filed by "Lenora Day, individually and on behalf of her minor child T.D.S." [docs. 62, 63], it is **FURTHER RECOMMENDED** that movant Maxwell Smith be ordered to file a corrected amended pleading that clarifies the capacity in which he now proceeds via the amended complaint. Because the amendment adds an additional named defendant, this matter will be set for Scheduling Conference by separate order to determine if a new trial date should be selected.

**THUS DONE AND SIGNED** in chambers this 21st day of March, 2024.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**