UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MAXWELL SMITH ET AL** | **:** | **CASE NO.  2:21-CV-04402 LEAD** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **URBAN OIL & GAS GROUP L L C ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Substitute party, whereby Lenora Day on behalf of her minor son TDS seeks to be substituted as plaintiff following the death of plaintiff Maxwell Smith. Doc. 70.  For the reasons that follow, it is

**ORDERED** that on or before **May 31, 2024**, movant is to amend or supplement the Motion to Substitute to provide sufficient information with supporting documentation that would allow the court to determine proper substitution pursuant to the procedural mechanism found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana; and

**FURTHER ORDERED** that movant comply with the procedural requirements of Rule 25(a)(3) of the Federal Rules of Civil Procedure with respect to the Motion to Substitute as amended and/or supplemented.

Because of the amendment ordered hereby, it is

**FURTHER ORDERED** that Plaintiff's deadline to file a corrected amended complaint set by the district judge's April 22, 2024, Judgment [doc. 74] is **EXTENDED**, such that the amended complaint must be filed within 14 days after the court rules upon the pending Motion to

Substitute as amended and/or supplemented according hereto or, if no such amended/supplemented motion is filed, by June 14, 2024.

## Discussion

Movant Lenora Day asserts that TDS is the sole surviving child of Maxwell Smith and that Lenora Day is TDS's mother and natural tutor. Doc. 70. She moves for substitution under Fed. R. Civ. P. 25, on the understanding that TDS is the proper party to be substituted in Maxwell Smith's stead. *Id.*

Under Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). "Although Rule 25 is procedural; whether a deceased party's claim has been 'extinguished' and who is a 'proper party' for substitution are questions of substantive law." *Perron on behalf of MFJ v. Travis*, No. CV 20-221-BAJ-EWD, 2023 WL 372064, at *1 (M.D. La. Jan. 24, 2023)(citing *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C Federal Practice and Procedure § 1952 (3d ed. 2007)).

The claims in this matter are based in Louisiana law,[1] and the court exercises diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. It is therefore appropriate to "make the determination regarding proper substitution 'pursuant to the procedural mechanism found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana.'" *Coleman v. Anco Insulations, Inc.*, No. CV 15-821-BAJ-EWD, 2017 WL 1496932,

---

[1] Plaintiff Maxwell Smith brought survival and wrongful death claims under La. Civ. Code arts. 2315.1 and 2315.2, stemming from the death of his minor daughter.

at *2 (M.D. La. Apr. 21, 2017)(quoting *Wilkerson v. Stalder*, 2013 WL 6665745, at * 1 (M.D. La. Dec. 17, 2013)).

Under Louisiana law, "When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality." La. Code Civ. P. art. 801. The "legal successor" in this context means

> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
>
> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

*Id.* "Proof of quality" means something "such as an affidavit of death and heirship or a judgment of possession." *Kemper v. Don Coleman, Jr., Builder, Inc.*, 746 So.2d 11, 15 (La. App. 2 Cir. 1999), *writ denied*, 752 So.2d 861 (La. 2000); *see also* La. Code Civ. P. arts. 2821-82.

Considering the foregoing, the court is unable to grant the Motion to Substitute at this time for the following reasons. Assuming, without determining, that TDS is the "proper party" and "legal successor" within the meaning of Fed. R. Civ. P. 25 and La. Code Civ. P. art. 801, movant attaches no proof of quality. In addition, because survival and wrongful death actions are inherited according to the general laws of succession,[2] it appears that the proper "legal successor" will be

---

[2] Survival and wrongful death actions themselves may be brought only by a hierarchy of persons entitled to maintain such actions, the "codal beneficiaries." La. Civ. Code arts. 2315.1 and 2315.2. But when those rights of action are inherited because of the death of the original codal beneficiary, the actions are inherited according to Louisiana's general succession laws. Discussing the heritability of the right of action granted by La. Civ. Code art. 2315.1, the Louisiana Civil Law Treatise explains, "if the right vests in one of the listed beneficiaries and that beneficiary dies, then the right devolves according to the laws of succession." § 5:10. Beneficiaries, 12 La. Civ. L. Treatise, Tort Law § 5:10 (2d ed.)(citing *Rachal v. Peters*, 680 So. 2d 1280 (La. Ct. App. 2d Cir. 1996)). "[I]t is only when the codal beneficiary who survives the decedent later dies that the beneficiary's heir 'inherits' the beneficiary's right to bring either or both the wrongful death and survival actions." *Rachal v. Peters*, 28,655 (La. App. 2 Cir. 9/25/96), 680 So. 2d 1280, 1283.

3

"the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein." La. Code Civ. P. art. 801(2). The motion does not indicate whether Maxwell Smith's succession is under administration, if so whether a legal representative has been appointed, whether he died testate or intestate, or whether he may have other heirs or legatees.

Additionally, Rule 25 requires: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. Proc. 25(a)(3). The motion fails to meet these procedural requirements of Rule 25, insofar as a notice of hearing did not accompany the motion to substitute and mover offered no proof either the motion or a notice thereof were served on nonparties as provided under Fed. R. Civ. Proc. 4.

### Conclusion

As mover, Lenora Day on behalf of her minor child TDS, has failed to establish who is the proper party to be substituted for Maxwell Smith and has failed to follow Rule 25's procedural requirements, the Motion to Substitute cannot be granted in its current state. Consequently, the Motion to Substitute must be amended or supplemented with sufficient information and appropriate supporting documentation to allow the court to identify the proper party to be substituted for Maxwell Smith and must otherwise comply with the procedural requirements of Rule 25.

**THUS DONE AND SIGNED** in chambers this 1st day of May, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDG